UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ESTHER TCHATCHANACHVILI,

                MEMORANDUM & ORDER

        Plaintiff,                16-CV-3607 (ILG) (RER)

   - against -

PROFESSIONAL CLAIMS BUREAU, INC.,

        Defendant.
-------------------------------------------------------x

GLASSER, Senior United States District Judge:

## INTRODUCTION

Plaintiff Esther Tchatchanachvili commenced this action against the Defendant, Professional Claims Bureau, Inc., ("PCB") seeking damages and declaratory relief for Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Pending before the Court is PCB's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which Plaintiff opposes. For the reasons set forth herein, Defendant's motion is GRANTED.

## BACKGROUND

Defendant is in the business of collecting debts owed to others. ECF 1. ("Compl.") ¶¶ 3-4. Plaintiff is a resident of New York who incurred a debt, the source and amount of which is not known to the Court, "primarily for personal, financial or household purposes." Id. ¶¶ 2, 8, 9. On or about May 20, 2016, PCB mailed a debt collection letter to the Plaintiff seeking to recover on the unpaid financial obligation. Id. ¶ 9. The letter—a copy of which is not filed with the

Court,[1]—purportedly reads in part, "THIS ACCOUNT IS SERIOUSLY PAST DUE," and "[i]t is extremely important that you resolve this past due account and we suggest that you contact our offices via telephone or mail immediately." ECF 15 at p. 2. As described, the letter further states that "payment is expected within 10 days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding debt." Compl. ¶ 11.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay a trial—a party may move for judgment on the pleadings." In deciding a 12(c) motion, the Court applies the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). To survive a 12(c) motion, plaintiffs must plead "sufficient factual matter, accepted as true" to state a claim that is plausible on its face, from which the Court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. The Fair Debt Collection Practices Act

The FDCPA was enacted in response to a "serious national problem" of debt collection abuse, "including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. REP. 95-382, 2, 1977 U.S.C.C.A.N. 1695, 1696. The enacted purpose of the statute was to eliminate such "abusive debt collection practices." 15 U.S.C. § 1692(e). In pursuit of its

---

[1] Plaintiff did not submit a copy of the letter with the Complaint. Defendant purports to submit a copy as an exhibit to its motion, but a review of the record indicates the letter was not submitted.

objective, the statute restricts, inter alia, the use of false or misleading representations and the harassment or abuse of any person in connection with collection of a debt, and broadly prohibits "unfair" and "unconscionable" debt collection practices. See §§ 1692d, 1692e, 1692f.

In analyzing whether a particular communication runs afoul of the FDCPA, courts apply an objective "least sophisticated consumer" standard. Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (citation omitted). In so doing, a defendant's communication is viewed "from the perspective of a debtor who is uninformed, naïve, or trusting, but is making basic, reasonable and logical deductions and inferences." Dewees v. Legal Servicing, LLC, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007). "It should be emphasized that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

## II. Plaintiff's Claims

To recover under the FDCPA, a plaintiff must satisfy three threshold requirements: (1) the plaintiff must be a "consumer," (2) the defendant must be a "debt collector;" and (3) the defendant must have committed some act or omission in violation of the FDCPA. Oscar v. Prof'l Claims Bureau, Inc., No. 11-CV-5319 (SJF) (WDW), 2012 WL 2367128, at *3 (E.D.N.Y. June 1, 2012), report and recommendation adopted, No. 11-CV-5319 SJF WDW, 2012 WL 2367136 (E.D.N.Y. June 19, 2012). The parties do not dispute the satisfaction of the first two requirements. The statute claimed to be offended by the Defendant provides as follows:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . [t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

3

15 U.S.C. § 1692d(2) (emphasis added). The letter claimed to violate that statute, as reported above, advises, in essence, that Plaintiff's debt is seriously past due, it is important that it be resolved, and it is suggested that she contact the sender by telephone or mail immediately. It goes on to state that it is expected that the debt be paid within 10 days and if it isn't, it will be assumed that she does not intend to resolve it.

It is asserted that the least sophisticated consumer doesn't dispute her indebtedness, doesn't question or feign ignorance of the purpose of the letter, but claims instead to have been demeaned and "extremely upset and disheartened" by being told she hasn't paid what she owes. Compl. ¶ 14. One may understandably ask whether the "least sophisticated consumer" would mark the author of that unbenign letter as being ungracious; threatening not to engage in "further negotiations" beyond the 10-day deadline; construe the letter to "suggest that the 10-day deadline is set in stone" as a "line of demarcation beyond which there is no way out;" experience a "false sense of urgency" to force a payment and imply that further negotiations will not be entertained." ECF 15 at pp. 2, 6; Compl. ¶¶ 12-14.

The plain implication of that recitation of grievances is that a creditor is under some obligation, legal or moral, to negotiate the payment of an undisputed overdue debt before asking that it be paid and in asking, do so apologetically. To paraphrase Justice Breyer, the FDCPA was not intended as a "civility code" for debt collectors. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415, 165 L. Ed. 2d 345 (2006) (citing Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)). The purpose of the FDCPA, in addition to eliminating abusive debt collection practices, was to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e).

Plaintiff alleges that the Defendant violated 1692d(2) set out above; 1692e(2) which prohibits "the false representation of (A) the character, amount or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt; 1692e(5) which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken;" 1692e(10) which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;" and 1692f which presents a non-exhaustive list of conduct deemed to violate the statute. An examination of all of the proscribed conduct in those subsections convincingly establishes that the collection letter upon which this action is based fits none of them. This Defendant is one of those debt collectors who refrains from using abusive debt collection practices, but who is disadvantaged by "judicially developed standards," Jacobson v. Healthcare Fin. Servs., Inc., 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006), aff'd in part, vacated in part, rev'd in part, 516 F.3d 85 (2d Cir. 2008) (cited with approval by Federal Home Loan Mort. Corp. v. Lamar, 503 F.3d 504, 513-14 (6th Cir. 2007)), which impose liability for violations claimed by debtors such as this one who was "upset," "disheartened" and "demeaned," neither of which, in the Court's view, is the natural consequence of being notified by this collection letter that her debt is past due.

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings on GRANTED in favor of Defendant on all claims.

SO ORDERED.

Dated:      Brooklyn, New York
            July 7, 2017

                                    /s/
                                    I. Leo Glasser